# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAUL NIETO,

       Plaintiff,

vs.                               No. CIV 08-0465 JB/RLP

UNIVERSITY OF NEW MEXICO,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Defendant's Brief on Federal Court Jurisdiction, filed April 26, 2010 (Doc. 14)("Defendant's Brief"); and (ii) Letter from Gilbert J. Vigil and Christine Vigil to the Court (dated April 26, 2010), filed April 26, 2010 (Doc. 15) ("Plaintiff's Letter"). The Court held a hearing on April 30, 2010. The primary issue is whether Defendant University of New Mexico ("UNM") may properly remove a dismissed case from state court to federal court. Because the Court concludes that there is a case or controversy between the parties, and because the Court concludes that a dismissed case may still be, under certain circumstances, a "civil action" for purposes of 28 U.S.C. § 1441(b), the Court will not dismiss or remand the case. Rather, the Court will retain jurisdiction. Because, however, the Court takes the case as it finds it, it will enter final judgment on the state-court judge's dismissal for want of prosecution unless Plaintiff Paul Nieto files a motion to reinstate or motion for relief from judgment under rule 60(b) within ten days of the entry of this order.

## PROCEDURAL BACKGROUND

On January 12, 2007, the Equal Employment Opportunity Commission ("EEOC") issued its Dismissal and Notice of Rights. <u>See</u> Defendant's Brief at 1. On April 13, 2007, Nieto filed a Notice

of Appeal of the Dismissal and Notice of Rights by the Equal Employment Opportunity Commission, and a Complaint of Damages, in the Second Judicial Court, Bernalillo County, State of New Mexico.  See Notice of Removal ¶ 1, at 1, filed May 12, 2008 (Doc. 1); Plaintiff's Letter at 1; Notice of Appeal and Complaint for Damages, filed May 12, 2008 (Doc. 1-1)("Complaint").

On March 13, 2008, New Mexico District Judge Linda Vanzi – now a judge on the Court of Appeals of New Mexico -- dismissed Nieto's Complaint for lack of prosecution.  See Defendant's Brief at 3.  The parties agree that Nieto served UNM's counsel with a copy of the summons and Complaint in this action on April 11, 2008 -- almost a full months after the trial court dismissed Nieto's Complaint.  See Plaintiff's Letter at 1; Defendant's Brief at 3.  Nieto filed a motion to reinstate in the state trial court on April 14, 2008.  Judge Vanzi denied the motion to reinstate on May 9, 2008 because Nieto failed to appear for the motion hearing.  See Plaintiff's Letter at 1.  On May 12, 2008 -- after Judge Vanzi dismissed Nieto's suit for want of prosecution and after she denied his motion to reinstate, but within 30 days of the day Nieto served UNM[1] -- UNM filed its notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446.  See Notice of Removal ¶¶ 2-3, at 1.[2]

On June 6, 2008, Nieto filed a notice of appeal to the Court of Appeals of New Mexico.  On May 26, 2009, the Court of Appeals of New Mexico issued a Memorandum Opinion and Order,

---

[1] The Court notes that the New Mexico statutes indicate that a state trial judge has thirty days from the entry of an order to amend or modify that judgment.  See Devlin v. State ex rel. N.M. State Police Dep't, 108 N.M. 72, 74, 766 P.2d 916, 918 (1988)("NMSA 1978, Section 39-1-1, provides that motions against a final judgment may be filed in the district court within thirty days after the judgment, during which period the judgment remains under the control of the district court."); NMSA 1978, § 39-1-1 (stating that, except with respect to judgments after jury trials, "[f]inal judgments and decrees . . . shall remain under the control of such courts for a period of thirty days after the entry thereof . . . .").  It thus appears that Judge Vanzi had jurisdiction over the case and judgment when UNM filed its notice of removal.

[2] Nieto's Complaint states claims under Title VII of the Civil Rights Act of 1964 and thus confers jurisdiction on the Court under 28 U.S.C. § 1331.  See Notice of Removal ¶ 4, at 1.

followed by a Judgment by Mandate, which stated that the Court of Appeals' jurisdiction was suspended by UNM's filing of a Notice of Removal.  See Defendant's Brief at 3.  There is, therefore, nothing moving forward in state court.

On April 2, 2010, the Court held a rule 16 scheduling conference.  The Court expressed its concern whether it had jurisdiction over an action that has been removed after it was dismissed for want of prosecution and after a motion to re-instate has been denied.  The Court noted that, from a review of the parties' Joint Status Report and Provisional Discovery Plan, filed March 31, 2010 (Doc. 10), that the only one who had any concern about the Court's jurisdiction was the Court.  Indeed, at the initial scheduling conference, the parties both asserted that they believed the Court had subject-matter jurisdiction.  The Court nevertheless requested that the parties each send a letter or brief to the Court explaining why they believe the Court has jurisdiction over the matter.

On April 26, 2010, UNM submitted a brief explaining why it believes the Court has jurisdiction over the case.  On the same day, Nieto filed a letter brief explaining -- for the first time -- why, in his view, the Court *lacks* subject-matter jurisdiction.  At the hearing, Christina Vigil, Nieto's attorney, stated that she would like to have her letter brief treated as a motion to remand, and UNM did not oppose this request.  Ms. Vigil also conceded that, because of the timing of her motion, she had waived all procedural arguments for remand and was only arguing that the Court lacks subject-matter jurisdiction.[3]   See Transcript of Hearing at 4:2-6:25 (taken April 30,

_____

[3] Because this motion to remand was filed April 26, 2010 -- almost two years after the notice of removal filed May 12, 2008 -- the only removal issue Nieto can assert is a lack of subject-matter jurisdiction.  See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").  On the other hand, until the Court of Appeals takes control of the case, the Court must remand for want of subject-matter jurisdiction if the Court discovers, at any time, that its jurisdiction is lacking.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

2010)("Tr.")(Court, Vigil).[4]  The Court now resolves the motion.

## RELEVANT LAW OF REMOVAL PROCEDURES

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" to "the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a). The right to remove is a statutory right, and thus removing defendants must carefully follow all statutory requirements.  See Bonadeo v. Lujan, No. CIV 08-0812 JB/ACT, 2009 WL 1324119, at **9-10 (D.N.M. Apr. 30, 2009)(Browning, J.).  Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand.  See Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09 (1941); Fajen v. Found Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  Doubtful cases are resolved in favor of remand because "there is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)(citation omitted).  On the other hand, strict construction and a presumption against Congressionally allowed removal should not become a judicial hostility toward removal cases.  See Bonadeo v. Lujan, 2009 WL 1324119, at *12 ("Strict construction does not mean judicial hostility toward removal.").

Section 1446 of Title 28 of the United States Code governs the procedure for removal.  See 28 U.S.C. § 1446(b).  It demands that "[t]he notice of removal . . . be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . or . . . after the service of summons . . . if such initial pleading has then been filed in court and is not required to be served . . . , whichever period is shorter."  28 U.S.C. 1446(b).  Furthermore, at least in cases in which the complaint was not removable as initially filed, a defendant must make any diversity-based removal

---

[4] The Court's citations to transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

within one year of the commencement of the action.  See 28 U.S.C. § 1446(b).  The requirement that

a defendant timely file the notice of removal is mandatory, though it is not jurisdictional.  See

Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McCain v.. Cahoj, 794 F. Supp. 1061, 1062 (D.

Kan. 1992)).  As the Court has recently recognized, there is a split amongst courts whether this

thirty-day removal window runs from the date the first defendant is served -- the "first-served" rule

-- or the date the last-served defendant is served -- the "last-served" rule.

> Neither the Supreme Court nor the United States Court of Appeals for the Tenth
> Circuit . . . has spoken on whether, in a case of more than one defendant, the
> thirty-day clock for removal begins to run when the first defendant is served or when
> the last defendant is served.  There appears . . . to be a split among the other federal
> courts on this issue. . . .
>
> A majority of judges in the District of New Mexico support the traditional view that
> the thirty-day removal period begins to run when service of process is accomplished
> on the first-served defendant.  This rule is referred to as the "first-served rule."  This
> Court, however, has concluded that the more modern, "last-served" rule is more in
> harmony with the language of the removal statute, and is a more fair and workable
> rule.  Under that rule, the clock begins running on each defendant to either remove
> a case or join a removal petition when that defendant receives formal service of
> process.

McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *4 (D.N.M. Feb. 9,

2010)(Browning, J.)(internal citations and quotes omitted).  The Court follows the last-served rule.

If a defendant removes a matter to federal court, the plaintiff may challenge the removal by

filing a motion to remand in federal district court.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 69

(1996).  The procedure for motions to remand is governed primarily by 28 U.S.C. § 1447.  Grounds

for remand include a lack of subject-matter jurisdiction, see 28 U.S.C. § 1447(c), or a defect in the

removal procedure, see Bonadeo v. Lujan, 2009 WL 1324119, at *6 (citing McShares, Inc. v. Barry,

979 F. Supp. 1338, 1341 (D. Kan. 1997)).  A defect in the removal notice or any "[f]ailure to comply

with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'"  Page v. City of

Southfield, 45 F.3d 128, 131 (6th Cir.1995)(citing In re Cont'l Cas. Co., 29 F.3d 292, 294 (7th Cir. 1994)).  Under 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).

## REMOVAL TO FEDERAL COURT AFTER JUDGMENT

There is some disagreement whether a defendant may remove a case to federal court after the state trial court has dismissed the state-court action, but before the expiration of the defendant's time for removal under the applicable removal statute.  This situation rarely arises, because it is uncommon that a judge will dispose of a case before the defendant's thirty-day period to seek removal expires.  See 28 U.S.C. § 1446(b) (requiring notice of removal be filed within 30 days of receipt of service of process).  Thus, most cases that address the issue do so in the context of removal statutes other than 28 U.S.C. § 1441.  Nevertheless, the Court concludes that the better reasoned opinions allow for removal after a state-court dismissal.  And, in certain circumstances, a federal district court may set aside the state trial court's judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure.

The statutes governing procedures for removal appear to require only: (i) an existing "civil action," 28 U.S.C. §§ 1441, 1446(a) & (b); (ii) over which the federal district court has original jurisdiction, see 28 U.S.C. § 1441(a); and (iii) that the defendant file a notice of removal within thirty days of receipt of service, see 28 U.S.C. § 1446(b).[5]  There is no express requirement that the removal occur at any particular stage of the adjudicatory process.  The only issue that Nieto raises

---

[5] Under some circumstances, the thirty-day period runs from receipt of "a copy of an amended pleading, motion, order or other paper."  28 U.S.C. § 1446.  That provision is not at issue in this case.

that might call this conclusion into question is his assertion that, when the New Mexico court dismissed his claims for want of prosecution, the case or controversy ceased to exist.  The Court thus addresses whether a case or controversy exists in a state-court suit after the trial court enters final judgment but before the time for appeal has run.

1.      **The Case-or-Controversy Requirement.**

Article III of the Constitution limits the judicial power of the federal courts to particular "cases" or "controversies."  The Clause states:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority; . . . [and] to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. Art. III, § 2.  To satisfy Article III's core justiciability requirements, a plaintiff must have standing, his or her claims must not be moot, and his or her claims must be ripe.  To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury.  See D.L.S. v. Utah, 374 F.3d 971, 974 (10th Cir. 2004); Morgan v. McCotter, 365 F.3d 882, 887-88 (10th Cir. 2004).

Claims become moot when the issues that they present are no longer "live" or the parties lack a legally cognizable interest in the outcome.  City of L.A. v. Davis, 440 U.S. 625, 631 (1979). A claim may become moot if "(i) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (ii) interim relief or events have completely and irrevocably

-7-

eradicated the effects of the alleged violation." Id.  The burden of establishing mootness is a heavy

one.  See id.

The ripeness doctrine focuses on whether the harm asserted has matured sufficiently to

warrant judicial intervention.  In determining whether a case is ripe, a court must evaluate the fitness

of the issues and record presented for judicial review, and the potential hardship to the parties of

withholding court consideration.  See Morgan v. McCotter, 365 F.3d at 890-91.  The fitness inquiry

involves assessing whether uncertain or contingent future events may not occur as anticipated, and

the hardship inquiry involves examining whether the challenged action creates a direct and

immediate dilemma for the parties.  See id.

2.      **Several District Courts Have Found No Constitutional Case or Controversy Exists After the State-Court Judgment.**

Several federal district courts have found that, when a case is removed after the state court

has issued a final judgment, the district court lacks jurisdiction and must remand the case to state

court.  Most of those cases, however, make their decision based on a finding that there exists no case

or controversy under Article III of the United States Constitution once the state court dismisses the

plaintiff's claims.  In Robert Plan Corp. v. American International Group, Inc., No. CIV 09-200

(GEB)(DEA), 2009 WL 2448509 (D.N.J. Aug. 10, 2009), the Honorable Garrett E. Brown, Jr.,

United States District Judge for the District of New Jersey, found that it lacked jurisdiction over a

case removed pursuant to the bankruptcy removal statute after the state-court judge had dismissed

the case for failure to prosecute.  See 2009 WL 2448509, at **2-4.[6]  AIG argued that there was no

---

[6] That the removal was under bankruptcy removal procedures, see 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027, rather than 28 U.S.C. §§ 1441 and 1446, did not seem to concern the court. Rather, it found the core issue was "whether there is a claim or cause of action in existence such that removal is possible."  2009 WL 2448509, at *4.

case or controversy once the state court dismissed for want of prosecution, and the court found that argument persuasive.  See 2009 WL 2448509, at *5 ("In the instant case, there was no case or controversy at the time Plaintiffs filed their Notice of Removal [because] [t]he State Court Action was dismissed as a direct result of the Plaintiffs' failure to prosecute . . . .").  In Brown v. District Director, No. 01-D-1625 (CBS), 2002 WL 1760847 (D. Colo. July 15, 2002), the Honorable Wiley Y. Daniel, United States District Judge for the District of Colorado adopted a Magistrate Judge's recommendation that the case, dismissed by the state-court judge before the United States' notice of removal, be dismissed for want of subject-matter jurisdiction.  See 2002 WL 1760847, at *1.  The Magistrate Judge found that the district court lacked jurisdiction, because "[t]here is generally no jurisdiction to remove closed cases, because if a case is closed, no case or controversy exists."  2002 WL 1760847, at *4 (quoting Zilinger v. Allied Am. Ins. Co., 957 F. Supp. 148, 149 (N.D. Ill 1997)).  In Zilinger v. Allied American Insurance Co., the United States District Court for the Northern District of Illinois held that, where a state-court rendered judgment in the case on September 18, 1996, there was nothing to remove on September 19, 1996, when the defendants filed their notice of removal.  See 957 F. Supp. at 149.  The court stated that "[c]ourts have . . . held that 'removal is not possible where the case reaches final judgment in state court.'"  Id. (quoting Philpott v. Resolution Trust Corp., 739 F. Supp. 380 (N.D. Ill. 1990)).  In Philpott v. Resolution Trust Corp., the Northern District of Illinois held that a defendant could not remove a closed case, even if he or she complied with the procedures set forth in the United States Code, because "[t]here is no jurisdiction to remove a case if no case or controversy exists."  739 F. Supp. at 383-84.[7]  It found

---

[7] In Philpott v. Resolution Trust Corp., the court was dealing with 12 U.S.C. § 1441a(l), rather than 28 U.S.C. § 1441, as its removal statute.  The language of 12 U.S.C. § 1441a(l), however, is similar to 28 U.S.C. § 1441.  It states:

that so holding was "consistent with both the requirement of a case or controversy and principles

of comity." Id. at 383-84.[8]  In MHM Sponsors Co. v. Permanent Mission of Pakistan, 672 F. Supp.

---

> The [Resolution Trust] Corporation . . . may remove any action, suit, or proceeding
> from a State court to the United States district court with jurisdiction over the place
> where the action, suit, or proceeding is pending, to the United States district court for
> the District of Columbia, or to the United States district court with jurisdiction over
> the principal place of business of any institution for which the Corporation has been
> appointed conservator or receiver if the action, suit, or proceeding is brought against
> the institution or the Corporation as conservator or receiver of such institution. The
> removal of any such suit or proceeding shall be instituted--
>
> > (i) not later than 90 days after the date the Corporation is substituted as a
> > party, or
>
> > (ii) not later than 30 days after service on the Corporation, if the Corporation
> > is named as a party in any capacity . . . .

12 U.S.C. § 1441a(l)(3)(A).  The Court sees no evidence from the language of 12 U.S.C. § 1441a(l)
that it would somehow differ from 28 U.S.C. § 1441 with respect to whether a case or controversy
exists, or whether a district court could have jurisdiction over a removed case if the case had already
reached a final judgment.

[8] The Northern District of Illinois issued a second opinion in which the court distinguished
its prior opinion from a recent case decided by the United States District Court for the Northern
District of Texas, which held that post-dismissal removals are appropriate.  The Northern District
of Illinois distinguished its opinion by the fact that, in Philpott v. Resolution Trust Corp., "the time
for a reconsideration and appeal has run."  Philpott v. Resolution Trust Corp., 739 F. Supp. 380, 385
(N.D. Ill. 1990).  The Court in Philpott v. Resolution Trust Corp. cited several cases in support of
the statement that "[a] number of cases hold that removal is not possible where the case has reached
final judgment in the state court."  739 F. Supp. at 383.  The Court addresses most of those cases in
this opinion.  Those cases that the Court does not address deal with the situation in which the state-
court case had not only reached final judgment, but state appellate review had begun, see Fed. Sav.
& Loan Ins. Corp. v. Templeton, 700 F. Supp. 456 (S.D. Ind. 1988), or state appellate remedies had
been exhausted, see Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 772
(2d Cir. 1988); Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969).  The Court notes it is not
faced with those facts, given that UNM removed the case before Nieto filed his notice of appeal in
the state proceeding.  On the other hand, the United States Court of Appeals for the Ninth Circuit
has held that, at least in the context of a removal by the Resolution Trust Corporation under 12
U.S.C. § 1441a(l)(3), removal is proper after final judgment is rendered in the state court, even
where there is a state-court appeal pending.  See Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d
1206, 1211 (9th Cir. 1994).  The Ninth Circuit was able to cite authority to the same effect from the
United States Courts of Appeals for the First, Third, Fourth, Fifth, Seventh, Eighth, and Eleventh

752 (S.D.N.Y. 1987), the United States District Court for the Southern District of New York found that removal of an action that was dismissed was improper because "[f]undamental to the right of removal is the requirement that there be a case to remove."  672 F. Supp. at 753.[9]

Even Philpott v. Resolution Trust Corp., however, acknowledged that many cases recognize the propriety of removal to federal court after the state court entered a default judgment, apparently recognizing a case or controversy exists.  See 739 F. Supp. at 383 (citing Murray v. Ford Motor Co., 770 F.2d 461, 463 (5th Cir. 1985); Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963); Munsey v. Testworth Labs., 227 F.2d 902 (6th Cir. 1955)(per curiam); Robert E. Diehl, Inc. v. Morrison, 590 F. Supp. 1190, 1192 (M.D. Pa. 1984); Kizer v. Sherwood, 311 F. Supp. 809, 811 (M.D. Pa. 1970). The court in Philpott v. Resolution Trust Corp. did not attempt to explain away the post-default removal cases.  Rather, it addressed the "[o]nly . . . case [it] found that permitted removal after a final judgment where the judgment was not one by default": In re Savers Federal Savings & Loan Association, 872 F.2d 963 (11th Cir. 1989).  The Northern District of Illinois in Philpott v. Resolution Trust Corp. did not attempt to address the United States Court of Appeals for the Eleventh Circuit's logic in In re Savers Federal Savings & Loan Association.  Instead, the court merely found that, "[i]n light of the dictum in Rothner[ v. City of Chicago, 879 F.2d 1402 (7th Cir.

_____

Circuits.  See id.  The Court need not address, however, the question whether removal would be proper if Nieto had filed his notice of appeal before UNM's removal under 28 U.S.C. § 1441.

 [9] The Court notes that, in MHM Sponsors Co. v. Permanent Mission of Pakistan, the state court dismissal apparently occurred approximately two years before the defendants sought to remove to federal court.  See 672 F. Supp. at 753 & n.1 (stating that the defendants removed in March of 1987, and citing the dismissal orders as issuing in December of 1984 and February of 1985).  It thus appears that the time for appeal or reconsideration had run in MHM Sponsors, Co. v. Permanent Mission of Pakistan, just as it had in Philpott v. Resolution Trust Corp., which may distinguish both of those cases from this case, in which removal occurred before time expired to notice appeal or seek reconsideration.

1989),] and the Seventh Circuit's general narrow interpretation of federal jurisdiction, it is believed the Seventh Circuit would follow those courts that hold there is generally no jurisdiction to remove closed cases." Philpott v. Resolution Trust Corp., 739 F. Supp. at 384. The Court does not find the rationale in Philpott v. Resolution Trust Corp. particularly persuasive.

### 3.    In re Savers Federal Savings & Loan Association Implies that a Case or Controversy Exists After Judgment by the State Court.

In In re Savers Federal Savings & Loan Association, a jury decided the plaintiff's primary claims on December 1, 1988, and the state trial court entered final judgment on January 25, 1989. See 872 F.2d at 964 & n.1. On February 10, 1989 -- before the time for filing a notice of appeal in state court expired -- the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed as conservator for the defendant, and FSLIC removed to federal district court and filed a notice of appeal to the Eleventh Circuit. See 872 F.2d at 964-65. The plaintiff moved to remand, challenging the propriety of the post-judgment removal. See id. The district court granted the motion to remand, but the Eleventh Circuit stayed the order to decide whether to issue a writ of mandamus requiring the district court to vacate the remand order.

The Eleventh Circuit issued the writ. It first found that, although the removal in question was made pursuant to 12 U.S.C. § 1730(k)(1), it was governed by the procedures of 28 U.S.C. § 1446(b), just like a removal under 28 U.S.C. § 1441. See 872 F.2d at 965. It then stated:

> The question, then, is whether[,] after there has been a final judgment by the state trial court, but when the period for appeal has not yet lapsed, a case ceases to be an "action from a State court" which can be removed to a federal forum under section 1730(k). We can discern no reason to confine the interpretation of "action" to actions that have not reached judgment. Such a rule has been rejected by three circuits with respect to default judgments.

872 F.2d at 965-66. Although it did not state it in terms of the case-or-controversy requirement, the Eleventh Circuit implicitly acknowledges that there is a case or controversy by finding that there

was a federal-court action from which the defendant could appeal to the Eleventh Circuit.  The Court

finds the reasoning of the Eleventh Circuit persuasive.

### 4.  Many Cases Have Found or Implied a Case or Controversy in Removed Cases After State-Court Judgments.

Many other cases have found or assumed that a removed case, even after final judgment was

rendered in the state court, remains a justiciable case or controversy and that the federal district court

has jurisdiction -- at least to enter a final judgment.  In Resolution Trust Corp. v. BVS Development,

Inc., the Ninth Circuit addressed whether a case or controversy exists in a case pending appeal in

state court.[10]  Resolution Trust Corporation removed to federal court using the removal power in

12 U.S.C. § 1441a(l).  See 42 F.3d at 1210.[11]  The federal district court denied two motion to remand

and entered the state-court's final judgment as its own.  See id.  In a third motion to remand, GT

Water Products, Inc. argued that "the Article III limitation of federal jurisdiction to 'cases' and

'controversies' prohibits a district court from entering a state court judgment as its own."  42 F.3d

at 1211.  The Ninth Circuit rejected this argument, stating:

> The terms "cases" and "controversies" in Section 2 of Article III define the "judicial Power," the permissible bounds of federal jurisdiction as a whole.  Article III does not make distinctions among the "inferior courts" to be established by Congress or require the "judicial Power" to be divided among those courts in any particular way. Because Article III is concerned with the scope of federal jurisdiction as a whole, it is only concerned with whether a "case" or "controversy" is presented to the federal judiciary as a whole.  It is of no constitutional significance if in a particular instance

---

[10] The Court assumes that, if there exists a case or controversy in a pending appeal, the same case or controversy exists in a case in which a final judgment has been entered but no appeal has been filed, so long as there are still non-extraordinary procedural mechanisms for seeking relief from that judgment.  For example, if a defendant wins at trial, the Court believes a case or controversy exists during the time in which the plaintiff can file a notice of appeal.

[11] Although the Ninth Circuit was dealing with a different removal statute, it applied the removal procedures in 28 U.S.C. § 1447, just as it would have if it were dealing with removal under 28 U.S.C. § 1441.  See Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d at 1211

-13-

> a district court is required to perform the ministerial task of entering judgment based on an already entered state judgment, as a condition of our exercise of appellate jurisdiction.
>
> GT Water errs in equating the unfamiliar with the impermissible. Though the RTC removal provision may require the district courts to act in unaccustomed ways, inconsistent with the ordinary course of federal litigation, there is no constitutional prohibition against novelty.

Resolution Trust Corp. v. BVS Development, Inc., 42 F.3d at 1211.  In other words, the Ninth Circuit believed that, so long as there is a legal dispute between the parties that a federal court could legitimately resolve, there exists a case or controversy under Article III.

The United States Court of Appeals for the Fifth Circuit held similarly in Federal Deposit Insurance Corporation v. Kahlil Zoom-In Markets, 978 F.2d 183 (5th Cir. 1992).  In FDIC v. Kahlil Zoom-In Markets, Inc., the Fifth Circuit addressed "the question of the jurisdiction of a federal court of appeals where a matter has been removed to federal district court while appeal is pending in a state court of appeals."  Id. at 183.  The case dealt with a different removal statute -- 12 U.S.C. § 1819(b)(2) -- but the Court finds the case instructive.[12]  After the state trial court entered summary judgment in the FDIC's favor, Kahlil filed a notice of appeal in state court.  See FDIC v. Kahlil Zoom-In Markets, Inc., 978 F.2d at 184.  The FDIC then removed the matter to federal court.  See id.  In response, Kahlil filed both a notice of appeal to the Fifth Circuit and a notice to transfer to

---

[12] The relevant provision reads:

> Except as provided in subparagraph (D) [which was not relevant in FDIC v. Kahlil Zoom-In Markets, Inc. and is not relevant here], the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

18 U.S.C. § 1819(b)(2)(B).

the Fifth Circuit court pursuant to 28 U.S.C. § 1631.  See FDIC v. Kahlil Zoom-In Markets, Inc.,
978 F.2d at 184.  The district court granted the § 1631 motion without entering a judgment.  See 978
F.2d at 184.

The Fifth Circuit stated that § 1631 was inapplicable and found that the district court had
jurisdiction, notwithstanding the state-court dismissal and Kahlil's notice of appeal before the
FDIC's notice of removal.  See 978 F.2d at 184.  The Fifth Circuit found that, until the federal
district court entered a final judgment in the removed action, the federal court of appeals lacked
appellate jurisdiction.  See id. ("[I]n the absence of a final, appealable judgment from the district
court, we are without jurisdiction.").  The Fifth Circuit informed the trial court that the proper
procedure for a district court to follow when dealing with a case that has been dismissed in state
court before removal is to "enter[] the state court's judgment as its own, complying with the
requirements set forth in Granny Goose Foods [v. Brotherhood of Teamsters, Local No. 70, 415 U.S.
423, 435-36 . . . (1974).]" FDIC v. Kahlil Zoom-In Markets, Inc., 978 F.2d at 184.  While it did not
address the case-or-controversy issue, the Fifth Circuit found jurisdiction.

In Federal Deposit Insurance Corporation v. Yancey Camp Development, 889 F.2d 647 (5th
Cir. 1989), the Fifth Circuit implicitly recognized that both the case-or-controversy requirement and
the jurisdiction requirements are met when a defendant removes to federal court after the state court
has entered a judgment.  See 889 F.2d at 648.  The Fifth Circuit explained that "[a] state court
judgment in a case properly removed to federal court -- like the one before us -- can be vacated
under Federal Rule of Civil Procedure 60(b)."  889 F.2d at 648 (citing Beighley v. FDIC, 868 F.2d
776, 781-82 (5th Cir. 1989); Northshore Dev., Inc. v. Lee, 835 F.2d 580 (5th Cir. 1988); Azzopardi
v. Ocean Drilling & Exploration Co., 742 F.2d 890 (5th Cir. 1984)).  The Fifth Circuit also implied
a case or controversy exists after entry of a state-court judgment in Murray v. Ford Motor Co., 770

-15-

F.2d 461 (1985).  The court in <u>Murray v. Ford Motor Co.</u> addressed whether the district court had authority to set aside the state-court's judgment pursuant to rule 60(b) after removal.  <u>See</u> 770 F.2d at 463.  The Fifth Circuit did not directly address whether a case or controversy existed or whether the district court had jurisdiction over the removal after entry of the state-court default judgment, but both courts were charged with determining their own jurisdiction, and the Fifth Circuit made no mention of any concern that jurisdiction might be lacking.

In 1955, the United States Court of Appeals for the Sixth Circuit recognized that a case may be removed after entry of a default judgment against the defendant, implicitly finding a cognizable case or controversy.  In <u>Munsey v. Testworth Laboratories</u>, 227 F.2d 902 (6th Cir. 1955), Munsey sued Testworth Laboratories.  The case had a peculiar procedural posture because Munsey had served Testworth with a summons four months before he filed his complaint.  Munsey then filed his complaint on one day, served Testworth with a copy of the complaint two days later, and received a default judgment a mere two days after that.  <u>See Munsey v. Testworth Labs.</u>, 227 F.2d at 902-03.  Within a week after the complaint was filed -- and two days after the default judgment was entered -- Testworth removed to federal court.  <u>See id.</u> at 903.  Munsey argued that the federal district court lacked jurisdiction to proceed.  The Sixth Circuit stated:

> We agree with the district court that the appellant's contention is without merit. . . . The petition for removal was therefore filed well within the twenty day period provided by the federal statute.  28 U.S.C.A. § 1446(b).

> Prior to removal the state court judgment was concededly subject to being set aside in the state court.  It was subject to the same hazard in the federal court after removal.  28 U.S.C.A., § 1450.  "When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court."  <u>Savell v. Southern Railway Co.</u>, 5 Cir., 1937, 93 F.2d 377, 379, 114 A.L.R. 1261.  However, the federal court was not limited to thirty days within which to set aside the judgment that limitation being merely a rule of practice governing Tennessee courts.

-16-

Munsey v. Testworth Labs., 227 F.2d at 903.  The Sixth Circuit thus affirmed the district court's

decision to set aside the default judgment against Testworth that the Tennessee trial court entered.

Several United States District Courts have also found that removal after a state-court dismissal is

appropriate, implicitly finding a case or controversy.  See Yash Techs., Inc. v. ProSpeed Trading,

Inc., No. 07-CV-4054, 2009 U.S. Dist. LEXIS 82026, at **6-12 (C.D. Ill. Sept. 9, 2009)(ruling on

60(b)(1) motion to set aside state-court default judgment); Virginia Stockton v. The Canada Life

Assurance Co., No. 08-3016, 2008 U.S. Dist. LEXIS 74258, at **10-12 (C.D. Ill. Aug. 9,

2008)("[T]he state court's default judgment against Defendants was valid when entered, but this

Court will treat the judgment as if it had entered the order and will consider the [rule 60(b)] Motion

to Vacate."); Alonzi v. Budget Constr. Co., No. 94-C-254, 1994 U.S. Dist. LEXIS 11348, at *4

(N.D. Ill. Aug. 10, 1994)("Since this case was properly removed to federal court after the state

circuit court issued its order of default judgment against Budget, Federal Rules of Civil Procedure

55(c) and 60(b) will govern consideration of the motion to vacate.").  The Court finds persuasive

the reasoning of these cases from the Fifth, Sixth, Ninth, and Eleventh Circuits, and the several

District Courts.

### 5. A Federal District Court Takes a Removed Case as the Court Finds It.

When a case is removed from state court, the federal court takes the case in its current

posture and treats prior-entered orders as its own.  The Supreme Court of the United States in

Granny Goose Foods v. Brotherhood of Teamsters, Local No. 70, 415 U.S. 423 (1974), stated:

> Congress clearly intended to preserve the effectiveness of state court orders after
> removal . . . .  After removal, the federal court "takes the case up where the State
> court left it off."  Duncan v. Gegan, 101 U.S. 810, 812 . . . (1880).  The "full force
> and effect" provided state court orders after removal of the case to federal court was
> not intended to be more than the force and effect the orders would have had in state
> court.

> More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal.

415 U.S. at 436-37.  The Fifth Circuit stated in Azzopardi v. Ocean Drilling & Exploration Co., 742

F.2d 890 (5th Cir. 1984):

> Once a state court action is removed, it is governed by federal, rather than state, procedure. . . .  Federal Rule of Civil Procedure 55(c) allows relief from a default judgment in accordance with the terms of Rule 60(b), which states that a judgment may be set aside for ". . . mistake, inadvertence, surprise, or excusable neglect . . . ."

742 F.2d 890, 895.  See In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d at 966 ("In the instant case,

in which removal and notice of appeal were timely, we will take the case as we find it on removal

and treat everything that occurred in the state court as if it had taken place in the district court

below.").  As the Ninth Circuit has recognized, "a federal court must take a case as it finds it on

removal, requiring a district court to treat a prior state judgment 'as though it had been validly

rendered in [a] federal proceeding.'"  Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d at 1212

(quoting Butner v. Neustadter, 324 F.2d at 786).  At least two federal circuits have implied that,

where there has been a final judgment entered in the state court before removal, the proper action

for the federal district court is to enter the state-court's judgment as its own.  See Resolution Trust

Corp. v. BVS Dev., Inc., 42 F.3d at 1210; FDIC v. Kahlil Zoom-In Markets, 978 F.2d at 184.  See

also Virginia Stockton v. The Canada Life Assurance Co., 2008 U.S. Dist. LEXIS 74258, at **11-12

("After the state court's jurisdiction ends, the federal court must treat any judgment entered before

the state court received notice [of removal] as if it [the federal court] had entered the judgment").

## ANALYSIS

The sole issue for resolution is whether the Court has jurisdiction over this case.  As UNM

points out in its brief, Nieto's underlying Complaint asserts a federal cause of action, and therefore

the Court has jurisdiction unless the state court's dismissal somehow extinguished the case as Nieto had filed it. See Defendant's Brief at 4. UNM states that the ultimate issue the Court must resolve is "whether at the time of removal, there was a case in controversy in state court to remove to the federal court." Id.[13] Nieto asserts that the Court should follow those cases which hold that, once a state trial court enters a final judgment, there is no longer a case or controversy over which the district court could exercise jurisdiction consistent with Article III. As further support for his position, Nieto directs the Court to FDIC v. Sellards, 731 F. Supp. 1300 (N.D. Tex. 1990), a well-reasoned opinion by the Honorable Harold Barefoot Sanders, Jr., then-Chief United States District Judge for the Northern District of Texas. As the Court will explain, Judge Sanders' opinion is not on point and does not change the Court's reasoning. The Court finds that it has jurisdiction.

First, the Court notes that, if Judge Vanzi had not dismissed Nieto's state-court case for want of prosecution before UNM's notice of removal, the Court would have jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Nieto's Complaint alleges federal claims. The issue is only whether Judge Vanzi's dismissal changed the case in such a way as to deprive the Court of jurisdiction. The Court concludes that it did not.

---

[13] The Court assumes that UNM is referring to whether there existed a constitutional case or controversy under federal law, as the Court is unaware of any analogous "case or controversy" requirement in New Mexico law. See ACLU of N.M. v. City of Albuquerque, 144 N.M. 471, 475, 188 P.3d 1222, 1226 (2008)("New Mexico state courts are not subject to the jurisdictional limitations imposed on federal courts by Article III, Section 2 of the United States Constitution.")(quoting N.M. Right to Choose/NARAL v. Johnson, 126 N.M. 788, 975 P.2d 841, 846 (1998)); id. at 474-75, 188 P.3d at 1225-56 ("Under the New Mexico Constitution, state courts are courts of general jurisdiction and our constitution contains no analogue to the federal 'cases and controversies' language.")(citing Does I through III v. Roman Catholic Church of Archdiocese of Santa Fe, Inc., 122 N.M. 307, 313, 924 P.2d 273, 279 (Ct. App. 1996)). New Mexico has recognized, however, standing as a prudential matter. See ACLU of N.M. v. City of Albuquerque, 144 N.M. at 476, 188 P.3d at 1227 ("While we recognize that standing in our state courts does not have . . . constitutional dimensions[.]"). This issue of New Mexico procedural law is not before the Court at this juncture.

I.      **THIS CASE MEETS THE BASIC PREREQUISITES OF AN ARTICLE III CASE OR CONTROVERSY.**

To satisfy Article III's justiciability or case-or-controversy requirement, a plaintiff must have standing, his or her claims must not be moot, and the claims must be ripe.  To have standing, a plaintiff must show: (i) that he or she has suffered an injury in fact -- an invasion of a legally protected interest that is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (ii) that there is a fairly traceable causal connection between the injury and the defendant's conduct complained of; and (iii) that it is likely that a favorable decision will redress the injury.  See D.L.S. v. Utah, 374 F.3d at 974; Morgan v. McCotter, 365 F.3d at 887-88.  Neither party argues otherwise here.  Nieto asserts he was wrongly accused of theft, wrongly placed on administrative leave from his employer, and wrongly terminated.  See Complaint ¶¶ 15-31, at 3-5. These acts allegedly invaded Nieto's legally protected interest in employment free of discrimination, as protected by Title VII.  See Complaint ¶¶ 33-50, at 5-7.  Finally, he seeks damages which will, in effect, redress the injury that UNM has allegedly caused.  See id. ¶ 41, at 6; id. ¶ 50, at 7; id. at 10 (prayer for relief).  Nieto has standing to bring his claims.

Claims become moot when the issues that they present are no longer "live" or the parties lack a legally cognizable interest in the outcome.  See City of L.A. v. Davis, 440 U.S. at 631.  Neither party has met the "heavy burden," id., of showing that Nieto's case was moot when UNM filed its notice of removal.  While the state court issued an order dismissing Nieto's claims for want of prosecution, and even denied Nieto's motion to reinstate based on Nieto's failure to appear, there was still time for Nieto to seek reconsideration of the denial of his motion to reinstate, or to file a notice of appeal.  Both parties therefore still had a cognizable interest in the outcome of the case, and the case was not yet fully determined.

-20-

In determining whether a case is ripe, a court must evaluate the fitness of the issues and record presented for judicial review, and the potential hardship to the parties of withholding court consideration.  See Morgan v. McCotter, 365 F.3d at 890-91.  Nieto's claims were for wrongs that UNM employees had already allegedly committed and for harm that Nieto had already incurred.  There is no sound reason to find that the case was not yet ripe.  The Court thus concludes that Nieto's claims meet the traditional requirements of being a justiciable case or controversy under Article III.

Article III's requirement is that there by a case or controversy.  There is still a controversy -- whether the case will proceed and, if so, what this Court will do procedurally and/or on the merits.  Moreover, even when cases are dismissed at the trial level, it is standard to consider the case to still be a case if the parties are contemplating post-trial motions, requests for fees, or appeals.  Thus, this matter fits the legal and common-sense understanding of a case and controversy.

## II.    28 U.S.C. § 1441 DOES NOT PROHIBIT POST-DISMISSAL REMOVAL.

The Court notes that nothing in the removal statute prohibits removal of a case that has been dismissed, but as to which the time for appeal has not yet run.  Title 28, Section 1441 of the United States Code states, in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.  To authorize removal under the statute, a defendant need only have a "civil

action" over which "the district courts of the United States have original jurisdiction."  The statute

does not define a civil action, but Black's Law Dictionary defines it as "[a]n action brought to

enforce, redress, or protect a private or civil right; a noncriminal litigation."  Black's Law Dictionary

at 34 (9th ed. 2009).[14]  Even after an action has been dismissed in the trial court, so long as there is

time to insist on reconsideration or appellate review, a case continues to be an action brought to

redress a private right; it continues to be litigation.  Nieto's claim is thus a civil action as 28 U.S.C.

§ 1441(a) contemplates.  Moreover, even where a federal district court issues a final judgment, it

maintains jurisdiction to rule on post-judgment motions -- e.g., motions for new trial, motions for

fees, or motions for relief from judgment.  See Fed. R. Civ. P. 54(2)(A) ("A claim for attorney's fees

and related nontaxable expenses must be made by motion[.]"); Fed. R. Civ. P. 59(b) ("A motion for

a new trial must be filed no later than 28 days after the entry of judgment."); Fed. R. Civ. P. 60(c)

---

[14] The Court has found little case law defining "civil action" under § 1441(a) in terms that are helpful in determining whether a dismissed case would qualify.  What the Court has found appears to support the Court's conclusion that a dismissed state-court civil suit would qualify as a "civil action" under 28 U.S.C. § 1441(a).  See Malave ex rel. Torres v. Costco Wholesale Corp., No. 02 Civ. 6480(DAB), 2002 WL 31016663, at *1 (S.D.N.Y. Sept. 9, 2002)(finding a pre-suit discovery request under New York law constitutes a removable civil action); Mayfield-George v. Tex. Rehab. Comm'n, 197 F.R.D. 280, 283 (N.D. Tex. 2000)(holding that a petition for pre-trial discovery "is not a 'civil action' under § 1441(b) because it asserts no claim or cause of action upon which relief can be granted."); In re Raymark Indus., Inc., 238 B.R. 295, 298 (E.D. Pa. 1999)("Broadly stated, '[t]he modes of proceeding may be various, but if a right is litigated between parties in a court of justice, the proceeding by which the decision of the court is sought is a [civil action.]'"); Community Ins. Co. v. Rowe, 85 F. Supp. 2d 800, 809-10 (S.D. Ohio 1999)("[T]he term 'civil action' under § 1441 does not embrace proceedings that are merely supplemental, ancillary, or incidental to another action, and such proceedings are not removable to federal court."); Gillson v. Vendome Petroleum Corp., 35 F. Supp. 815, 819 (D. La. 1940)("The term 'civil action' embraces, from its natural import, every species of 'suit' not of a criminal kind, and comprehends every conceivable cause of action, whether legal or equitable, except such as are 'criminal'")  The original suit was clearly a primary proceeding, initiated by the filing of a complaint, asserting several civil-law claims. Moreover, rule 3 of the Federal Rules of Civil Procedure states, "[a] civil action is commenced by filing a complaint with the court."  While the rule refers to actions filed in federal court, if initiation by the filing of a civil complaint is a requisite for a "civil action," the Court notes that Nieto did file a complaint to initiate his state-court action.

("A motion [for relief from judgment] must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). See also Trujillo v. Board of Educ. of the Albuquerque Pub. Schs., Nos. CIV 02-1146 JB/LFG, CIV. 03-1185 JB/LFG, 2007 WL 5231709, at **5-6 (D.N.M. Aug. 24, 2007) (Browning, J.)(ruling on a motion for new trial).  Even after dismissal, therefore, Nieto's suit is one that continues to be a "civil action" over which the Court has original jurisdiction.  So long as UNM meets the procedural requirements set forth in 28 U.S.C. § 1446 -- which Nieto has waived his ability to contest -- removal is proper.[15]

## III.  THE STATE-COURT DISMISSAL DID NOT EXTINGUISH THE CASE OR CONTROVERSY, AND THE COURT THEREFORE HAS JURISDICTION.

Nieto's argument boils down to the notion that, when a state-court trial judge issues an order dismissing a case, there no longer exists a case or controversy over which a federal district court could exercise jurisdiction.  This argument does not persuade the Court.  First, as a matter of logic, the Court does not believe a state-court judgment could extinguish a case-or-controversy, at least while non-extraordinary appellate remedies are still available.  If a trial court judgment, which might yet be upset on appeal, were to extinguish a case or controversy between two parties, neither the United States Courts of Appeals nor Supreme Court of the United States would ever have jurisdiction, because Article III limits the judicial power of all federal courts, not merely federal

---

[15] Nieto waived the ability to object to the timeliness of UNM's notice of removal. Nevertheless, UNM filed its notice of removal within 30 days of the date on which Nieto served UNM.  Nieto served UNM on April 11, 2008.  Thirty days from April 11, 2008 was May 11, 2008. May 11, however, was a Sunday.  Under rule 6(a)(1)(C) of the Federal Rules of Civil Procedure, which the Court applies when "computing any time period specified in . . . any statute that does not specify a method of computing time," the deadline was extended to "the end of the next day that is not a Saturday, Sunday, or legal holiday."  The next day that was not a Saturday, Sunday, or legal holiday was Monday, May 12, 2008 -- the day UNM filed its notice of removal.  The notice of removal was therefore timely.

district courts.  See City of Erie v. Pap's A.M., 529 U.S. 277, 305-06 (2000)(reminding the lower courts that "the case-or-controversy requirement of Art. III . . . applies 'at all stages of review.'")(quoting Richardson v. Ramirez, 418 U.S. 24, 36 (1974), and Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); U.S. Const. art. III, § 1 ("The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."); U.S. Const. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases . . . ."). Once a federal district court resolved a case in the first instance, federal appellate remedies would be for naught, as the district court would have extinguished the case or controversy necessary for the circuit court to exercise jurisdiction.  The Court sees no sound reason why a New Mexico trial court judgment, which might yet be upset on appeal, should have greater adjudicatory force.

Moreover, another widely accepted practice under federal law undermines Nieto's argument. When a state-court case raises a federal issue, as does the one in this case, federal statute allows for an appeal by writ of certiorari from the state's highest court to the Supreme Court of the United States for review of that federal issue.  See 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari [in cases raising federal issues].").  Again, the case-or-controversy requirement binds all federal courts, including the Supreme Court of the United States, not just district courts.  If the state-court judgment, after all state appellate remedies have been exhausted, does not extinguish the case or controversy for the purposes of Supreme Court review under 28 U.S.C. § 1257, it would be difficult to believe that the state-court judgment with state appellate remedies unexhausted has such an effect.

Second, the weight of authority also pushes the Court to conclude that a case or controversy exists in this case, and that the Court continues to have jurisdiction over that case or controversy.

While there does exist district-court authority to the contrary, the majority of well-reasoned cases find -- whether implicitly or explicitly -- that a case or controversy continues to exist after the state court enters judgment.  See Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d at 1211-12; FDIC v. Kahlil Zoom-In Markets, Inc., 978 F.2d at 184; FDIC v. Yancey Camp Dev., 889 F.2d at 648; In re Savers Fed. Sav. & Loan Ass'n, 872 F.2d at 965-66; Murray v. Ford Motor Co., 770 F.2d at 463; Munsey v. Testworth Labs., 227 F.2d at 903; Yash Techs., Inc. v. ProSpeed Trading, Inc., 2009 U.S. Dist. LEXIS 82026, at **6-12; Virginia Stockton v. The Canada Life Assurance Co., 2008 U.S. Dist. LEXIS 74258, at **10-12; Alonzi v. Budget Constr. Co., 1994 U.S. Dist. LEXIS 11348, at *4.  The Court finds most persuasive the Ninth Circuit's explanation that:

> The terms "cases" and "controversies" in Section 2 of Article III define the "judicial Power," the permissible bounds of federal jurisdiction as a whole.  Article III does not make distinctions among the "inferior courts" to be established by Congress or require the "judicial Power" to be divided among those courts in any particular way. Because Article III is concerned with the scope of federal jurisdiction as a whole, it is only concerned with whether a "case" or "controversy" is presented to the federal judiciary as a whole.  It is of no constitutional significance if in a particular instance a district court is required to perform the ministerial task of entering judgment based on an already entered state judgment, as a condition of our exercise of appellate jurisdiction.

Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d at 1211-12.  The Court finds this reasoning to be a sound description of the case-or-controversy requirement as the Court understands it.  So long as there exist issues to be resolved at some level of judicial review, there exists a case or controversy and a basis for federal jurisdiction.  Whether the Court will be bound to merely "perform the ministerial task of entering judgment based on an already entered state judgment," as the Ninth Circuit mentioned, or rather be allowed to review or set aside the state-court judgment now that it is effectively a judgment of this Court, is a question the Court will leave for another day.

Finally, Federal Deposit Insurance Corporation v. Sellards, as well-reasoned as the case may

be, does not convince the Court otherwise.  First of all, the case does not address the issue that the Court is now addressing; rather, it deals with the propriety of removal of a state-court appeal.  <u>See</u> 731 F. Supp. at 1300-01 ("[W]hile the appeal was pending . . . the FDIC timely removed . . . .  The FDIC argues that [the Financial Institutions Reform, Recovery, and Enforcement Act of 1989] clearly empowers it to remove a pending state court appeal to federal court.").  Moreover, its basis for finding that removal of pending appeals improper does not withstand scrutiny, at least in the context of this case.  Judge Sanders first insisted that such removals "run contrary to . . . the nature of our federalist system."  He insisted that it violates principles of federalism and comity to allow the federal district court to review the judgment of the state court after it has been rendered.  <u>See</u> 731 F. Supp. at 1301-02.  This concern does not fully take into account that Congress, in promulgating the removal statutes, authorized the transplanting of cases meeting certain criteria from the state to the federal courts.  The removal statutes, by and large, do not set forth a point during the progression of the case at which removal is no longer viable, except that it generally must be done within a certain period of time after the defendant is served with process.  As the Supreme Court and several circuits have recognized, once the case has been removed, the federal district court should treat orders entered before removal as though they were entered by the district court.  <u>See</u> <u>Granny Goose Foods v. Brotherhood of Teamsters, Local No. 70</u>, 415 U.S. at 436-37; <u>Resolution Trust Corp. v. BVS Dev., Inc.</u>, 42 F.3d at 1212; <u>Azzopardi v. Ocean Drilling & Exploration Co.</u>, 742 F.2d at 895; <u>In re Savers Fed. Sav. & Loan Ass'n</u>, 872 F.2d at 966.  If the Court follows this precedent and treat the state-court judgment as though it was rendered by this Court, the Court has jurisdiction to review it and potentially set it aside in response to a party's post-judgment motions.[16]  <u>See</u> Fed. R. Civ. P.

_____

[16] The Court acknowledges that this analysis might be different when considering the removal of a case in which a notice of appeal has been filed in the state court, the situation with

59 (defining the motion for new trial); Fed. R. Civ. P. 60(b) (defining the parameters of a motion for relief from judgment).  The Court is not persuaded by Judge Sanders' concerns, at least in the context of a post-judgment, pre-appeal removal.  The Court thus concludes that it has jurisdiction over this removed action, notwithstanding that Judge Vanzi dismissed Nieto's claims for want of prosecution and denied his motion to reinstate.

## IV.   THE COURT WILL DELAY IN ENTERING JUDGMENT IN THIS CASE TO ALLOW NIETO TO FILE A MOTION TO VACATE THE DISMISSAL ORDER.

The Court is inclined to follow the procedure that the Fifth and Ninth Circuits have proposed, which would compel the Court to enter Judge Vanzi's dismissal order as its own and enter final judgment.  See Resolution Trust Corp. v. BVS Dev., Inc., 42 F.3d at 1210; FDIC v. Kahlil Zoom-In Markets, 978 F.2d at 184.  The parties, however, have informed the Court that Nieto intends to file a motion seeking to set aside the dismissal for want of prosecution.  See Joint Status Report and Provisional Discovery Plan at 9, filed March 31, 2010 (Doc. 10)("Plaintiff intends to file:  Motion to Reinstate . . . .").  The Court will therefore withhold entering an order of dismissal and final judgment for a period of ten days from the issuance of this opinion to allow Nieto to file the appropriate motion.  If he does not file such motion, the Court will enter the state court's order of dismissal as its own and enter final judgment in this matter.  Nieto's motion to remand is denied.

**IT IS ORDERED** that: (i) the request in the Defendant's Brief on Federal Court Jurisdiction that the Court find that it has subject-matter jurisdiction over the case is granted; and (ii) the Plaintiff's request that the Court remand the case to state district court to allow the procedural issue

---

which Judge Sanders was dealing in FDIC v. Sellards.  The Court addresses Judge Sanders' rationale in the context of the Court's analysis of the removal of a case in which judgment has been entered but no party has yet filed a notice of appeal.  The Court does not evaluate the correctness of Judge Sanders' analyses under the facts of FDIC v. Sellards.

to be reviewed by the state district court in accord with its own procedural requirements in the Letter from Gilbert J. Vigil and Christine Vigil to the Court is denied.  The Court will file a Final Judgment ten days from the entry of this order unless the Plaintiff files an appropriate motion to deal with the state court's dismissal order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gilbert J. Vigil
Christina A. Vigil
Law Office of Gilbert J. Vigil
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

John S. Stiff
Ann Louise Keith
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

      *Attorneys for the Defendant*